UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD RANDOLPH DAYTON,<br><br>Plaintiff,<br><br>v.<br><br>FAIRFEILD MOBILE HOME AND RV PARK LLC, et al.,<br><br>Defendants. | No. 2:24-cv-00850-DJC-DB<br><br><br><br>ORDER |

Presently before the Court is Plaintiff's Motion for Temporary Restraining Order (Mot. for Temp. Rest. Order ("TRO Mot.") (ECF No. 2)) seeking to enjoin enforcement of the Solano County Superior Court's unlawful detainer judgement against Plaintiff. (*See* TRO Mot. at 1–3; Compl. (ECF No. 1) at 4.)  For the reasons discussed below, the Court does not have jurisdiction to grant this request and accordingly DENIES Plaintiff's Motion.

I. **Background**

Plaintiff Edward Dayton was a party to an unlawful detainer action in Solano County Superior Court brought by Defendant Fairfield Mobile Home and RV Park, LLC ("Fairfield RV Park").  (Compl. at 1–2.)  Following trial on the action, Commissioner Susan Rados entered judgement in favor of  Fairfield RV Park.  (*Id.*)  The Solano County

////

Sherriff's Department then began execution of the judgement by taking possession of Plaintiff's home. (*Id.*)

Though it is not entirely clear, the Court understands Plaintiff to assert the following causes of action against three separate defendants: first, he alleges that the Superior Court violated his due process rights by allowing the action to be adjudicated by Commissioner Rados and by preventing Plaintiff from presenting his case; second, Plaintiff alleges that Defendant Sherriff Thomas Ferrara violated Plaintiff's Fourth Amendment rights by seizing his home in an unreasonable manner; and finally, Plaintiff attempts to bring claims against Fairfield RV Park alleging that Fairfield RV Park has caused him harm, but fails to state the legal basis for these claims. (*Id.* at 1–4.) The Complaint and present Motion both seek injunctive relief from "further execution and enforcement of the Court Judgement," and Plaintiff additionally seeks compensatory and punitive damages. (*Id.* at 4.)

## II. Analysis

Under the *Rooker-Feldman* doctrine, a district court lacks jurisdiction over cases asserting "injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). This doctrine bars both explicit and *de facto* appeals of state court judgments to the district court. *Cooper v. Ramos*, 704 F.3d 772, 777 (9th Cir. 2012). In determining whether an action functions as a de facto appeal, the court looks to the relief sought by the Plaintiff. *Id.* at 777–78. An action is a de facto appeal "when the plaintiff in federal district court complains of a legal wrong allegedly committed by the state court, and seeks relief from the judgment of that court." *Noel v. Hall*, 341 F.3d 1148, 1163 (9th Cir. 2003). "If claims raised in the federal court action are 'inextricably intertwined' with the state court's decision such that the adjudication of the federal claims would undercut the state ruling or require

the district court to interpret the application of state laws or procedural rules . . ." then the court lacks jurisdiction over those claims. *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003).

Plaintiff's request for injunctive relief from the state court's unlawful detainer judgement is a request for a de facto appeal of that judgement. Plaintiff complains that the state court violated his due process rights in entering the judgement and seeks to enjoin the Solano County Sherriff's Department from enforcing that judgement against him. Though the request is couched in terms of a section 1983 action and not a direct appeal of the state court judgement, the *Rooker-Feldman* doctrine "bars a plaintiff from bringing a § 1983 suit to remedy an injury *inflicted by* the state court's decision." *Jensen v. Foley*, 295 F.3d 745, 747 (7th Cir. 2002) (emphasis in original). Ultimately, the injury sought to be remedied by the injunction – the Sherriff's Department's possession of Plaintiff's home – was inflicted by the unlawful detainer judgement authorizing such possession of the home. The relief therefore centers on the propriety of that judgment. *See Bianchi v. Rylaarsdam*, 334 F.3d 895, 899 (9th Cir. 2003) (holding that the court had no jurisdiction to hear a claim alleging that a state court violated the plaintiff's due process rights and requesting the federal court to recall that decision).

Accordingly, this Court has no jurisdiction over these claims, and thus cannot grant the relief sought.

### III. Conclusion

In accordance with the above, IT IS HEREBY ORDERED that Plaintiff's Motion for a Temporary Restraining Order (ECF No. 2) is DENIED and his claim against the Solano County Superior Court is DISMISSED for lack of jurisdiction.[1] *Franklin v. State*

---

[1] The Court is not dismissing the entire case for lack of jurisdiction because it believes it may have jurisdiction over Plaintiff's separate but related claim that Defendant Sheriff Thomas Ferrara violated Plaintiff's Fourth Amendment rights by unreasonably seizing his property. (*See* Compl. at 1, 3–4.); Though Plaintiff's challenge to Defendant Ferrara's authority to seize the property is "inextricably intertwined" with the unlawful detainer judgement, the challenge to the *manner* in which the property was seized is not. As alleged, the manner of the seizure may constitute a separate legal wrong not

*of Or., State Welfare Div.*, 662 F.2d 1337, 1342 (9th Cir. 1981) (a district court "may dismiss an action sua sponte for lack of jurisdiction.").

This case is referred back to the assigned Magistrate Judge for all further pretrial proceedings.  See L.R. 302(c)(21).

IT IS SO ORDERED.

Dated:   **March 20, 2024**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC2 – Dayton24cv00850

---

engendered by the state court judgement.  However, this alleged harm is a past harm for which Plaintiff does not seek an injunction. (*See* Compl. at 4 (requesting money damages for the damage caused by Defendant Ferrara).)

4