Edward R. Dayton
1427 West Texas Street, Space A-16
Fairfield, California 94533
(707) 421-1894
In Pro Se

FILED

MAY 13 2024

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD RANDOLPH DAYTON<br>Plaintiff,<br><br>vs.<br><br>FAIRFIELD MOBILE HOME AND RV PARK LLC, BRANDON WIECHEC, CHRIS TRIPLET, MONTE CHRISTO COMMUNITIES, SOLANO COUNTY SHERIFF THOMAS A. FERRARA, DOES 1-10<br>Defendants. | No. 2:24-cv-0850-DJC-DB-(PS)<br><br>CIVIL COMPLAINT FOR DAMAGES FROM REMOVAL OF PLAINTIFF'S PERSONAL PROPERTY AND MOTORHOME AND DAMAGES TO PLAINTIFF'S MOTORHOME BY DEFENDANT'S AS CIVIL RIGHTS VIOLATIONS-AMENDED 1<br><br>REQUEST FOR TRIAL BY JURY |

I.
Plaintiff: Edward R. Dayton, 1427 West Texas Street, Space A-16, Fairfield, California 94533.
Defendant: Fairfield Mobile Home and RV Park LLC, 1427 West Texas Street, Fairfield, California 94533 (707) 425-7083.
Defendant: Brandon Wiechec, 3308 El Camino Ave. Suite 300-608, Sacramento, California 95821
Defendant: Chris Triplet, 3308 El Camino Ave. Suite 300-608, Sacramento, California 95821
Defendnat: Monte Christo Communities, 3308 El Camino Ave. Suite 300-608, Sacramento, California 95821
Defendant:  Defendant: Solano County Sheriff, Thomas A. Ferrara, 530 Union Ave. Suite 100, Fairfield California 94533, (707) 784-7030.
II.
The basis of this complaint is a Question of Federal Law involving violation of the Fourth and Fourteenth Amendment to the United States Constitution, and Title 42 USC, §1983.
III.
### CAUSE OF ACTION ONE-FAIRFIELD MOBILE HOME AND RV PARK

On 19 September 2023 defendant Fairfield Mobile Home and RV Park (hereafter FFMHP) did cause a 30 Day Notice of Termination of Plaintiff's Tenancy of Space A-16 in the park, under California Civil Code §799.66. However, FFMHP does not meet the definition of a Recreational Park under Recreational Vehicle Park Occupancy Law as defined in California Civil Code Chapter 26 §799.20 inclusive (specifically §799.30). Plaintiff did not comply with the notice and so FFMHP

---

1
Civil Complaint for Removal Personal Property and Damages to Plaintiff's Motorhome and Personal Property-Civil Right

filed a Limited Civil Complaint for an Unlawful Detainer against Plaintiff in Solano Superior Court on 3 November 2023, Case No. CL23-05167. After service upon plaintiff, plaintiff filed a demurrer on 26 December 2023. A hearing on the demurrer was scheduled for 2 January 2024 in Department 10 Civil Division, with a full time Judge Christine Donavan. Judge Donavan on her own motion continued the hearing to 9 January 2024 with full time Judge Stephen Gizzi in Department 3 Civil Division who denied the demurrer. Plaintiff filed his Answer on 16 January 2024 with a Declaration in Support of Answer. FFMHP filed their Request for Trial on or about 31 January 20234. Trial was scheduled and heard on 28 February 2024 in Department 21 Criminal Division with Commissioner Susan Rados. At the end of the trial Commissioner Rados entered Judgment in favor of FFMHP for possession of the subject real property at space A-16, forfeiture of the rental agreement, holdover damages in the amount of $4,245.12 and reasonable attorney's fees in the amount of $1,500.00. FFMHP filed a Writ of Possession with the Solano County Sheriff's Department on 28 February 2024. The Sheriff's Department has since posted on 7 March 2024 their notice to vacate the subject property by 12 March 2024. Senior FFMHP management (Chris Triplet and Brandon Wiechec) were present at the final eviction on 12 March 2024, according to Community Leader (manager) Daneena Meyers. During a conversation between plaintiff and Daneena Meyers on 12 March 2024, plaintiff was told that. FFMHP senior management have instructed the onsite Community Leader, Daneena Meyers to instruct plaintiff that he may not remove any of his personal property except for one period of 5 hours on one day, and only when the office is open from 9:30 am to 3:00 pm Monday thru Friday, in violation of plaintiff's rights under California Civil Code §1965 and as noted in the sheriff's notices. Plaintiff's motorhome was unmovable under its own power prior to the eviction. .Plaintiff had his two Emotional Support dogs and extensive outdoor potted plants, along with much other personal property on his site space A-16 prior to the eviction beginning. After the eviction process was complete, plaintiff secured his driveway gate with a light metal chain on 13 March 2024, in order to secure his property from potential theft. Someone cut the chain and moved some of his potted plants and some of his skirting along from the side of his motorhome between then and 15 March 2024. Further vandalism has occurred since then, with theft of plaintiff's 5 foot step ladder and movement of plaintiff's plants from the front of his motorhome. Plaintiff believes FFMHP is and will continue to cause plaintiff to suffer additional potentially irreparable harm for malicious reasons.

CAUSE OF ACTION TWO-UNLAWFUL REMOVAL OF PLAINTIFF'S PERSONAL PROPERTY

Brandon Wiechec as Regional Supervisor for Monte Christo Communities, did knowingly, intentionally, and willfully, cause plaintiff's personal property to be permanently disposed of while acting under the supervision of his supervisor Chris Triplet Northern California Divisional Director and Monte Christo Communities senior management as his employer. The personal property was quite extensive in the type of items and the amount of items that were located in the surrounding yard areas of plaintiff motorhome on his Space A-16. Some of the personal property was removed and disposed of approximately seven days after the writ of possession was finalized on 12 March 2024. The remaining personal property was removed and disposed of within the remaining 8 days (11 days under CCP §1174, §1165). It is believed that Brandon Wiechec instructed Fairfield Mobile Home and RV Park staff to begin at about seven days, and then to continue to remove and permanently dispose of plaintiff's personal property through the remaining 8 to 11 days remaining for plaintiff to recover his property by law. Plaintiff notified Daneena Myers, FFMHP Community Leader on the 19th of March 2024 by e-mail that plaintiff had filed a complaint in United States District Court- EDC against the Park. Plaintiff also contacted Stephanie Rice (attorney for FFMHP) twice on 21 and 22 March 24 notifying her of plaintiff's desire to reclaim his motorhome and his personal property from the Park. Stephanie Rice was also notified at that time that the Park had already began the unlawful removal of his personal property. The actions of FFMHP, Brandon Wiechec, and Monte Christo Communities were in violation of California Code of Civil Procedure §1174(g), (h), along with California Civil Code §715.010: §1987; and § 1965. The actions by FFMHP, Brendon Wiechec, and Monte Christo Communities caused a deprivation of plaintiff's constitutional rights under the United States Constitution's Fourth Amendment by failing to follow mandated due process requirements under California State law. These actions are also a violation of plaintiff's rights under the California Constitution, Article One Declaration of Rights, Section 1 and 7. The above actors carried out these actions under the authority of California State Laws for Civil Complaint for Unlawful Detainer, and the subsequent enforcement of a judgment from Solano Superior Court for defendant (as plaintiff in U.D. complaint) to recover real property from plaintiff Space A-16 (as defendant in U.D. complaint). ("All men are created equal….with certain unalienable Rights, that among these are Life, Liberty and the pursuit of Happiness." from the Declaration of Independence).

CAUSE OF ACTION THREE-THOMAS FERRARA SOLANO COUNTY SHERIFF

On 6 March 2024 Solano County Sheriff's Deputies posted an Eviction Notice on plaintiff's door to

his motorhome to be executed on 12 March 2024. On 12 March 2024 plaintiff voluntarily exited his motorhome and the subject real property of space A-16 before any sheriff's deputies arrived to enforce the eviction notice. While plaintiff was gone Solano County Sheriff's Deputies arrived on scene at 10:00 am, and executed the eviction notice outside the presence of plaintiff who was not present. During the execution of the eviction Chris Triplet and Brandon Wiechec as management of Fairfield Mobile Home and RV Park under Monte Christo Communities LLC, were present at the scene during the entire time of execution. The sheriff's deputies pounded on the door of the motorhome several times, and called out several times at the start of the execution of the eviction process for anyone to announce their presence with no response.

Chris Triplet with no lawful authority to do so, used a cordless drill he supplied, and attempted to drill out the door locks without success. Then sheriff's deputies used a pry bar and a hammer and another tool to pry open the door to the motorhome, causing extensive damage to the door and hinges. They then took plaintiff's personal 5 foot step ladder that was against the side of the motorhome, and used it and other sheriff's tools to break open, the bedroom window, and then tore down the inside curtains and threw them on the ground outside of the motorhome. During the execution of the eviction, Chris Triplet advised the sheriff's deputies that plaintiff's blue car was gone and that he did see it in the Park. The sheriff's deputies stated that they did not believe that plaintiff was present inside while the eviction was being executed by them. Also at least two deputies entered plaintiff's motorhome during the process and could not see plaintiff present. The deputies made no attempt to call out for plaintiff to announce his presence while they were inside the motorhome. Sheriff's deputies left the scene with plaintiff's motorhome unsecured at door and window. Solano County Sheriff Deputy Sgt. Pierce told plaintiff at the sheriff's office on 13 March, that the deputies were acting under CCP §514 (which does not exist), however CCP §514.010 (which does exist) does not authorize the actions taken by the sheriff's eviction deputies. The action of the sheriff's deputies was not authorized under the law. Chris Triplet's action to drill out the door locks was not authorized under the law nor the rental agreement. Chris Triplet has committed a crime under California Penal Code §459 of attempted Burglary and California Penal Code §594(a) of Vandalism. Since the sheriff's deputies were not authorized by law to enter and search plaintiff's motorhome (nor

under the Court Judgment or Writ of Possession), they are also guilty of Vandalism and actual Burglary.

### EXEMPLARY DAMAGES

The actions of Fairfield Mobile Home and RV Park, Brandon Wiechec, Chris Triplet, and Monte Christo Communities, were against the law and associated case law that FFMHP, Brandon Wiechec, Chris Triplet and Monte Christo Communities knew, and should have known, as lessor and executer of the Rental Agreement and management of the park. The actions taken by the Solano County Sheriff's Deputies Eviction Team were not authorized by law of which they should have known, and were not necessary in the enforcement of the Writ of Possession.

IV.

Plaintiff is seeking up to $25,00.00 in actual damages for the costs of repairing his motorhome caused by the Solano County Sheriff's Deputies and Chris Triplet. Up to $50,00.00 in actual and compensatory damages from Fairfield Mobile Home and RV Park, LLC, Chris Triplet, and Monte Christo Communities. Plaintiff is also seeking maximum punitive damages against Fairfield Mobile Home and RV Park, LLC; Chris Triplet, Brandon Wiechec, and Monte Christo Communities, along with Solano County Sheriff Thomas A. Ferrara and his deputy sheriffs.

V.

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11. I agree to provide the Clerk's Office with any changes to my address where case related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case

Date: 7 May 2024                              *Edward R. Dayton*
                                              Edward R. Dayton, Plaintiff, In Pro Per

5
Civil Complaint for Removal Personal Property and Damages to Plaintiff's Motorhome and Personal Property-Civil Right