UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD RANDOLPH DAYTON,<br><br>Plaintiff,<br><br>v.<br><br>FAIRFIELD MOBILE HOME and RV PARK, LLC, et al.,<br><br>Defendants. | No. 2:24-cv-00850-DJC-SCR<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff proceeds pro se in this matter, which is referred to the undersigned pursuant to Local Rule 302(c)(21). Before the Court are Defendant Thomas Ferrara's Motion to Dismiss (ECF Nos. 9, 14, 17)[1] and Plaintiff's Motion for Default Judgment (ECF No. 18). The Court recommends that the Motion to Dismiss be GRANTED and Plaintiff be granted leave to amend his claims against Ferrara, and that the Motion for Default Judgment be DENIED.

**I.  Background and Procedural History**

Plaintiff filed his Complaint pro se on March 19, 2024, and also filed a motion for a temporary restraining order ("TRO") (ECF No. 2). The TRO motion sought to enjoin the enforcement of the Solano County Superior Court's unlawful detainer judgment against Plaintiff.

---

[1] The court will discuss the Motion singularly as the same substantive motion has been filed three times. The first refiling was due to an incorrect notice of hearing, and the second was due to the reassignment to the undersigned.

1

Judge Calabretta denied the motion and dismissed the claims against Solano County Superior Court on the basis that the court lacked jurisdiction pursuant to the *Rooker-Feldman* doctrine. Judge Calabretta further stated: "The Court is not dismissing the entire case for lack of jurisdiction because it believes it may have jurisdiction over Plaintiff's separate but related claim that Defendant Sherriff Thomas Ferrara violated Plaintiff's Fourth Amendment rights by unreasonably seizing his property." ECF No. 5 at 3 n.1.

On May 13, 2024, Plaintiff filed a First Amended Complaint ("FAC") (ECF No. 6) which named as Defendants Fairfield Mobile Home and RV Park, LLC ("Fairfield"), Brandon Wiechec, Chris Triplet, Monte Christo Communities, and Solano County Sherriff Thomas Ferrara ("Ferrara"). Plaintiff brings the suit under 42 U.S.C. § 1983 and alleges violation of his Fourth and Fourteenth Amendment rights. ECF No. 6 at 1.

Plaintiff alleges that in September 2023, Fairfield caused a 30-day notice of termination of his tenancy to space A-16 in the RV park. Plaintiff alleges he "did not comply" with the notice and Fairfield instituted an unlawful detainer action. ECF No. 6 at 1-2. A trial was held in February 2024, at which Fairfield prevailed, and Plaintiff was evicted from the property on March 12, 2024. On the day of eviction, Plaintiff alleges he "voluntarily exited his motorhome and the subject real property of space A-16 before any sheriff's deputies arrived." *Id.* at 4. Plaintiff claims that deputies knocked and announced their presence, but he was not home, and that they then broke into his motorhome, causing damage. *Id.* Plaintiff alleges that Defendant Chris Triplet, a manager of Fairfield, was also involved in causing damage to the motorhome by using a drill to attempt to open the door. *Id.*

**II.     Legal Standard on a Motion to Dismiss**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A

1  claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw
2  the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v.*
3  *Iqbal*, 556 U.S. 662, 678 (2009).
4      In determining whether a complaint states a claim on which relief may be granted, the
5  court accepts as true the allegations in the complaint and construes the allegations in the light
6  most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). However,
7  the court need not assume the truth of legal conclusions cast in the form of factual allegations.
8  *Paulsen v. CNF, Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009). While Rule 8(a) does not require
9  detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-
10 harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere
11 "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."
12 *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements
13 of a cause of action, supported by mere conclusory statements, do not suffice."). It is
14 inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the
15 defendants have violated the ... laws in ways that have not been alleged." *Associated Gen.*
16 *Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

17 **III.    Defendant Ferrara's Motion to Dismiss**

18     Ferrara moves for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing
19 that Plaintiff has failed to state a claim upon which relief can be granted and seeking dismissal
20 with prejudice. ECF No. 17 at 1. Ferrara raises four arguments: 1) the FAC fails to substantially
21 comply with Federal Rule of Civil Procedure 8; 2) Plaintiff's claim is precluded by *Heck v.*
22 *Humphrey*, 512 U.S. 477 (1994), and the *Rooker-Feldman* doctrine; 3) Ferrara is not vicariously
23 liable for the conduct of other Solano County deputies; and 4) to the extent the FAC alleges state
24 law claims, Plaintiff has not complied with California's Government Claims Act which requires
25 tort claim notice. ECF No. 17 at 2. In an untimely opposition,[2] Plaintiff argues that he does not

---

[2] Ferrara initially filed his Motion on June 20, 2024, re-filed it on June 27, and then re-filed it again on August 12, after this case was transferred to the undersigned. Plaintiff did not file his opposition until September 12. Local Rule 230(c) requires that any opposition to a motion be filed and served within 14 days of the filing of the motion. Given that no statutory deadline was

3

1   complain of the state court judgment, but rather the "manner in which the property was seized."

2   ECF No. 19 at 1. Plaintiff also argues that Ferrara's name was listed on the notice to vacate and

3   return on a writ of possession, and that the deputies were acting under his direct authority. *Id.* at

4   2. As to the Government Claims Act's pre-lawsuit claims presentation requirements, Plaintiff

5   argues that he made damages claims to Solano County on June 25, 2024 and August 16, 2024.

6   Finally, he contends that if the Court determines dismissal is appropriate, he should be given

7   leave to amend to add the four deputies involved as defendants. *Id.* at 2.

### A. Rule 8

Defendants argue that the Complaint fails to comply with Federal Rule of Civil Procedure 8. Rule 8(a) requires a "short and plain" statement showing that Plaintiff is entitled to relief. A complaint must not force the Court and the defendants to guess at what is being alleged against whom. *See McHenry v. Renne*, 84 F.3d 1172, 1177-80 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants"). Defendant argues that the Court cannot "read into" the claim or "cobble" it together. ECF No. 17 at 5. While the Court agrees that Plaintiff's FAC is not a model of clarity, it sufficiently puts Defendant Ferrara on notice of the §1983 claim against him. As Judge Calabretta's order denying a TRO noted, Plaintiff "claim[s] that Defendant Sherriff Thomas Ferrara violated Plaintiff's Fourth Amendment rights by unreasonably seizing his property." ECF No. 5 at 3 n.1. The Court should not dismiss the action based on Rule 8.

### B. *Heck* and *Rooker-Feldman*

Ferrara argues that *Heck* and the *Rooker-Feldman* doctrine[3] preclude Plaintiff's claims because he cannot challenge the state court's unlawful detainer judgment. ECF No. 17 at 5-6. *Heck* bars a § 1983 claim that—if successful—would necessarily imply the invalidity of a conviction or sentence without first demonstrating that the underlying conviction or sentence has

---

breached, the Court will in this instance grant Plaintiff the leeway of crediting his late-filed opposition. Plaintiff is cautioned that the Court may strike or disregard future filings that are untimely.

[3] The doctrine takes its name from *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

4

been invalidated. *Heck*, 512 U.S. at 487. Under *Rooker-Feldman*, "a federal district court does not have subject matter jurisdiction to hear a direct appeal from the final judgment of a state court." *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003).

*Heck* has no application to this case. Plaintiff is not challenging an underlying conviction or sentence. Unlawful detainer actions are civil proceedings. *See Stancil v. Superior Court*, 11 Cal.5th 381, 400 (2021) (noting civil nature of unlawful detainer actions). There may have been some confusion caused by Plaintiff's allegation in the FAC that his unlawful detainer action was scheduled "in Department 21 Criminal Division." ECF No. 6 at 2. Regardless, the facts in the FAC do not show that Plaintiff's claims are *Heck*-barred.

As to the *Rooker-Feldman* doctrine, Plaintiff argues that he is not suing "due to the enforcement of the State Court Judgment." ECF No. 19 at 1. He appears to argue that the deputies' actions were inconsistent with the state court judgment, and they lacked authority under the state court judgment because his motorhome was not "real property." *Id.* If Plaintiff was attempting a de facto appeal of the state court judgment, this court would lack jurisdiction. Federal district courts lack jurisdiction to review final state court judgments. *See Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923). The *Rooker-Feldman* doctrine accordingly prevents "a party losing in state court … from seeking what in substance would be appellate review of the state judgment in a United States district court." *Henrich v. Valley View Dev.*, 474 F.3d 609, 611 (9th Cir. 2009). It does not appear that Plaintiff seeks to challenge or overturn the state court decision ordering his eviction; rather, he complains of the actions of the defendants in damaging his property. The Court should not dismiss the FAC on the basis of *Heck* or the *Rooker-Feldman* doctrine.

**C. Respondeat Superior Liability**

Ferrara argues that his alleged liability is predicated upon "the supposed conduct of the Solano County Sheriff's deputies who executed the eviction." ECF No. 17 at 7. Under § 1983, liability "arises only upon a showing of personal participation by the defendant. A supervisor is only liable for the constitutional violations of . . . subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. There is no

respondeat superior liability under § 1983." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *see also Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). In other words, Plaintiff must allege facts showing either: (1) Ferrara's "personal involvement in the constitutional deprivation," or (2) that Ferrara set "in motion a series of acts by others" or "knowingly refus[ed] to terminate a series of acts by others, which [the defendant] knew or reasonably should have known would cause others to inflict a constitutional injury." *Starr v. Baca*, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (internal quotation marks and citations omitted).

Count III of the FAC is directed at Defendant Ferrara in the heading, but the body of the Count describes the actions of unnamed deputies, Chris Triplet, and mentions Sheriff Deputy Sgt. Pierce. ECF No. 6 at 3-4. In opposition to the motion to dismiss, Plaintiff contends Ferrara is responsible because his name was on the Notice to Vacate and the Return on Writ of Possession, and that the deputies "were specifically acting for and under the direct authority of" Ferrara. ECF No. 19 at 2. However, these allegations are not in the FAC.

Defendant Ferrara is correct that there is no respondeat superior liability, and that Plaintiff has not sufficiently pled his direct involvement in the FAC. In order to state a claim under § 1983, a plaintiff must show that a defendant acting under color of state law has deprived plaintiff of rights secured by the Constitution or federal statutes. *Benavidez v. County of San Diego*, 993 F.3d 1134, 1144 (9th Cir. 2021). This generally involves "personal involvement in the constitutional deprivation." *Starr*, 652 F.3d at 1207-08. With that said, a defendant could be liable under § 1983 for "setting in motion a series of acts by others or knowingly refusing to terminate a series of acts by others, which [the supervisor] knew or reasonably should have known would cause others to inflict a constitutional injury." *Rodriguez v. County of Los Angeles*, 891 F.3d 776, 798 (9th Cir. 2018); *see also Starr*, 652 F.3d at 1207-08. The FAC does not allege facts showing that Ferrara was sufficiently involved in the allegedly unconstitutional seizure of Plaintiff's property to state a claim under the Fourth or Fourteenth Amendments. The FAC accordingly fails to state a claim as to Ferrara.

6

**D. State Law Tort Claim Notice**

Ferrara argues that to the extent there are state law claims alleged against Ferrara, Plaintiff has not complied with the tort claim notice requirements of Government Code §§ 945.4 and 950.2. ECF No. 17 at 7. Ferrara contends that these claims must be presented within six months of accrual and that compliance must be pled. *Id*. In opposition to the motion, Plaintiff argues that he has presented two claims—one on June 25, 2024, and another on August 16, 2024—and received no response from Solano County. ECF No. 19 at 2. Plaintiff did not include those facts in his FAC and thus has not pled compliance with the notice requirements.

Before bringing suit against a public entity, California law requires the "timely presentation of a written claim and a rejection in whole or in part." *D.K. ex rel. G.M. v. Solano County Office of Educ.*, 667 F.Supp.2d 1184, 1195 (E.D. Cal. 2009) (*citing* Cal. Gov. Code § 905). "A plaintiff must allege facts demonstrating either compliance with the Government Tort Claims Act requirement or an excuse for noncompliance as an essential element of the cause of action." *Id.* at 1195. Absent such allegations, a complaint will fail to state a tort cause of action. *Id.* Plaintiff has not pled compliance or an excuse for noncompliance. Thus, to the extent the FAC seeks to assert a state law tort claim against Ferrara, it is inadequately pled.

**E. Leave to Amend**

The Court recommends that the FAC be dismissed as to Ferrara. However, Plaintiff is proceeding pro se and "[a] district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). Plaintiff has indicated in his opposition to the Motion to Dismiss how he might amend. He has also requested, in the event the court finds he fails to state a claim, that he be given leave to amend to add the individual deputies involved in the incident. ECF No. 19 at 2. The Court does not find that leave to amend would be futile, and thus recommends that the Motion to Dismiss be granted and the claims against Ferrara be dismissed with leave to amend.

////

////

### IV. Plaintiff's Motion for Default Judgment

Plaintiff moves for default judgment against Defendants Fairfield, Monte Christo Communities LLC, Christ Triplett, and Brandon Wiechec (hereafter "Defendants"). ECF No. 18. Plaintiff asserts that these Defendants were served on May 23, 2024, and failed to timely answer. Plaintiff filed proof of service on June 24, 2024. ECF No. 12. Plaintiff filed a request for entry of default on July 8, 2024. ECF No. 15. The request was captioned as "petition to enter default judgment" and cited to Federal Rule of Civil Procedure 55(b)(2), rather than requesting for the Clerk to enter default under Rule 55(a). The Clerk has not entered default.

Then on August 19, 2024, Plaintiff filed the instant Motion for Default Judgment, which the Court heard on October 3, 2024, in conjunction with the hearing on Ferrara's Motion to Dismiss. ECF No. 18. Plaintiff's Motion is supported by Plaintiff's declaration, which states that service on the four Defendants was completed on May 23, 2024 by registered process servers. ECF No. 18 at 2-3. Defendants did not substantively respond to the Motion. Instead, on September 27, 2024, Defendants, with the exception of Ferrara, filed a consolidated answer. ECF No. 27. The answer was untimely. Defendants also did not appear at the October 3 hearing on the Motion for Default Judgment.

Defendants have not formally contested service or filed a motion pursuant to Federal Rule of Civil Procedure 12(b)(4) or (5).[4] However, in response to an order to show cause (ECF No. 22) regarding (1) Defendants' failure to contest the Motion for Default Judgment and (2) Defendants' late-filed answer, Defendants submitted affidavits explaining that they may not have been properly served and that they did not receive actual notice of this lawsuit until months after it was filed. ECF Nos. 26 & 27. While Defendants explanations leave questions unanswered about precisely when Fairfield or its managers learned about this action, for present purposes the Court credits the assertion that Defendants acted diligently in answering the FAC after learning of the action. In any event, "[t]he Federal Rules of Civil Procedure do not . . . 'provide a specific

---

[4] Accordingly, any such challenge to service is waived. *See* Fed. R. Civ. P. 12(b) ("A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed."); 12(h) (waiver). Defendants have already filed an answer. ECF No. 20.

8

1  sanction for late filing of an answer.'" *Barefield v. HSBC Holdings PLC*, 1:18-cv-00527-LJO-
2  JLT, 2019 WL 918206 (E.D. Cal. Feb. 25, 2019) (quoting *McCabe v. Arave*, 827 F.2d 634, 641
3  n.5 (9th Cir. 1987)).  While a federal court has inherent power to impose sanctions for a late
4  answer, such sanctions require a "specific finding of bad faith." *United States v. Stoneberger*,
5  805 F.2d 1391, 1393 (9th Cir. 1986).  The Court finds no such bad faith here.

Pursuant to Federal Rule of Civil Procedure 55, default may be entered against a party against whom a judgment for affirmative relief is sought who fails to plead or otherwise defend against the action.  *See* Fed. R. Civ. P. 55(a).  However, "[a] defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F.Supp.2d 1172, 1174 (C.D. Cal. 2002) (citing *Draper v. Coombs*, 792 F.2d 915, 924-25 (9th Cir. 1986)); *see* Fed. R. Civ. P. 55(b) (governing the entry of default judgments).  Instead, the decision to grant or deny an application for default judgment lies within the district court's sound discretion.  *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

Defendants have filed an answer.  Even assuming for the sake of discussion that untimely answer should not be excused, they have not failed to plead or otherwise defend.  "[D]efault judgments are generally disfavored.  Whenever it is reasonably possible, cases should be decided upon their merits." *Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir.1985).  The Court recommends the Motion for Default Judgment be denied.[5]

### V.    CONCLUSION

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that:

1. Defendant Ferrara's Motion to Dismiss (ECF Nos. 9, 14, 17) be GRANTED with leave to amend, and

2. Plaintiff's Motion for Default Judgment as to the remaining Defendants (ECF No. 18) be DENIED.

These findings and recommendations will be submitted to the United States District Judge

---

[5] There is a further reason to deny default judgment: The Clerk of the Court never entered default in Plaintiff's favor. *See Vongrabe v. Sprint PCS*, 312 F. Supp. 2d 1313, 1318 (S.D. Cal. 2004) ("[A] plain reading of Rule 55 demonstrates that entry of default by the clerk is a prerequisite to an entry of default judgment.").

9

assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, either party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 15, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE