Edward R. Dayton
1427 West Texas Street, Space A-16
Fairfield, California 94533
Mailing Address. P.O. Box 965
Suisun City, California 94585
(707) 421-1894
In Pro Se



FILED
MAR 10 2025
CLERK, U S DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

EDWARD RANDOLPH DAYTON
Plaintiff,

vs.

FAIRFIELD MOBILE HOME AND RV PARK LLC, BRANDON WIECHEC, CHRIS TRIPLETT, MONTE CHRISTO COMMUNITIES, THOMAS A. FERRARA, TYLER PIERCE, RYAN BAGARANI, CHARLES DEHONEY, JOHN ROBERTSON, DOES 1-10
Defendants.

No. 2:24-cv-0850-DJC-DB-(PS)

CIVIL COMPLAINT FOR DAMAGES FROM REMOVAL OF PLAINTIFF'S PERSONAL PROPERTY AND MOTORHOME AND DAMAGES TO PLAINTIFF'S MOTORHOME BY DEFENDANT'S AS CIVIL RIGHTS VIOLATIONS-AMENDED 2

REQUEST FOR TRIAL BY JURY

I.
Plaintiff: Edward R. Dayton, 1427 West Texas Street, Space A-16, Fairfield, California 94533.
Defendant: Fairfield Mobile Home and RV Park LLC, 1427 West Texas Street, Fairfield, California 94533 (707) 425-7083.
Defendant: Brandon Wiechec, 3308 El Camino Ave. Suite 300-608, Sacramento, California 95821
Defendant: Chris Triplett, 3308 El Camino Ave. Suite 300-608, Sacramento, California 95821
Defendnat: Monte Christo Communities, 3308 El Camino Ave. Suite 300-608, Sacramento, California 95821
Defendant: Defendant: Solano County Sheriff, Thomas A. Ferrara, 530 Union Ave. Suite 100, Fairfield California 94533, (707) 784-7030.
Defendant: Sheriff Deputy Tyler Pierce, 530 Union Ave. Suite 100, Fairfield California 94533, (707) 784-7030.
Defendant: Sheriff Deputy Ryan Bigarani, 530 Union Ave Suite 100, Fairfield California 94533, (707) 784-7030.
Defendant: Sheriff Deputy Charles Dehoney, 530 Union Ave. Suite 100, Fairfield California 94533, (707) 784-7030
Defendant: Sheriff Deputy John Robertson, 530 Union Ave. Suite 100, Fairfield California 94533, (707) 784-7030
II. The basis of this complaint is a Question of Federal Law involving violation of the Fourth and Fourteenth Amendment to the United States Constitution, and Title 42 USC, §1983.

## FAIRFIELD MOBILE HOME AND RV PARK- BACKGROUND FOR CAUSES OF ACTION

On 19 September 2023 defendant Fairfield Mobile Home and RV Park (hereafter FFMHP) did cause a 30 Day Notice of Termination of Plaintiff's Tenancy of Space A-16 in the park, under California Civil Code §799.66 Plaintiff did not comply with the notice and so FFMHP filed a Limited Civil Complaint for an Unlawful Detainer against Plaintiff in Solano Superior Court on 3 November 2023, Case No. CL23-05167. Trial was scheduled and heard on 28 February 2024 in Department 21 Criminal Division with Commissioner Susan Rados. At the end of the trial Commissioner Rados entered Judgment in favor of FFMHP for possession of the subject real property at space A-16, forfeiture of the rental agreement. FFMHP filed a Writ of Possession with the Solano County Sheriff's Department on 28 February 2024. The Sheriff's Department deputies posted on 6 March 2024 a "Notice to Vacate" stating "Should you fail to vacate the premises within the allotted time, I will immediately enforce the writ by removing you from the premises" by Thomas A. Ferrara, Sheriff-Coroner; while the "Return on Writ of Possession" executed on 12 March 2023 states "I served the same by placing the plaintiff in quiet and peaceful possession of the premises on 3/12/2024, I returned said writ satisfied as to plaintiff's possession only and with the accrued costs of $180.00. by Thomas A. Ferrara Sheriff-Coroner. Senior FFMHP management (Chris Triplett and Brandon Wiechec) were present at the final eviction on 12 March 2024, according to Community Leader (manager) Daneena Meyers. During a conversation between plaintiff and Daneena Meyers on 12 March 2024, plaintiff was told that. FFMHP senior management have instructed the onsite Community Leader, Daneena Meyers to instruct plaintiff that he may not remove any of his personal property except for one period of 5 hours on one day, and only when the office is open from 9:30 am to 3 00 pm Monday thru Friday, in violation of plaintiff's rights under California Civil Code §1965 and as noted in the sheriff's notices. Later that day upon his return to his motorhome after the eviction process was complete, plaintiff secured his driveway gate with a light metal chain on 13 March 2024, in order to secure his property from potential theft. Someone cut the chain and moved some of his potted plants and some of his skirting along from the side of his motorhome between then and 15 March 2024. Further vandalism had occurred since then.

## CAUSE OF ACTION ONE-UNLAWFUL REMOVAL OF PLAINTIFF'S PERSONAL PROPERTY

Brandon Wiechec as Regional Supervisor for Monte Christo Communities, did knowingly, intentionally, and willfully, cause plaintiff's personal property to be permanently disposed of while

acting under the supervision of his supervisor Chris Triplet Northern California Divisional Director and Monte Christo Communities senior management as his employer The personal property was quite extensive in the type of items and the number of items that were located in the surrounding yard areas of plaintiff motorhome on his Space A-16. Some of the personal property was removed and disposed of approximately seven days after the writ of possession was finalized on 12 March 2024. The remaining personal property was removed and disposed of within the remaining 8 days (11 days under CCP §1174, §1165). It is believed that Brandon Wiechec instructed Fairfield Mobile Home and RV Park staff to begin at about seven days, and then to continue to remove and permanently dispose of plaintiff's personal property through the remaining 8 to 11 days remaining for plaintiff to recover his property by law. Plaintiff notified Daneena Myers, FFMHP Community Leader on the 19th of March 2024 by e-mail that plaintiff had filed a complaint in United States District Court- EDC against the Park. Plaintiff also contacted Stephanie Rice (attorney for FFMHP) twice on 21 and 22 March 24 notifying her of plaintiff's desire to reclaim his motorhome and his personal property from the Park. Stephanie Rice was also notified at that time that the Park had already began the unlawful removal of his personal property. The actions of FFMHP, Brandon Wiechec, and Monte Christo Communities were in violation of California Code of Civil Procedure §1174(g), (h), along with California Civil Code §715.010: §1987; and § 1965. The actions by FFMHP, Brendon Wiechec, and Monte Christo Communities caused a deprivation of plaintiff's constitutional rights under the United States Constitution's Fourth Amendment by failing to follow mandated due process requirements under California State law. These actions are also a violation of plaintiff's rights under the California Constitution, Article One Declaration of Rights, Section 1 and 7. The above actors carried out these actions under the authority of California State Laws for Civil Complaint for Unlawful Detainer, and the subsequent enforcement of a Judgment from Solano Superior Court for defendant (as plaintiff in U.D. complaint) to recover real property from plaintiff Space A-16 (as defendant in U.D. complaint).

<u>CAUSE OF ACTION TWO-THOMAS FERRARA & HIS DEPUTIES UNLAWFUL ACTIONS</u>

On 6 March 2024 Solano County Sheriff's Deputies posted an Eviction Notice on plaintiff's door to his motorhome at 1427 W Texas Street, Space A-16, Fairfield, California 94533 to be executed on 12 March 2024. On 12 March 2024 plaintiff voluntarily exited his motorhome and the subject real property of Space A-16 before any sheriff's deputies arrived to enforce the eviction notice. While plaintiff was gone Solano County Sheriff's Deputies Sgt Tyler Pierce, Ryan Bagarani, Charles

Dehoney, and John Robertson arrived on scene at 10:00 am, and executed the eviction notice outside the presence of plaintiff who was not present. During the execution of the eviction Chris Triplett and Brandon Wiechec as management of Fairfield Mobile Home and RV Park under Monte Christo Communities LLC, were present at the scene during the entire time of execution. The Sheriff's deputies pounded on the door of the motorhome several times, and called out several times at the start of the execution of the eviction process for anyone to announce their presence with no response. Chris Triplett with no lawful authority to do so, used a cordless drill he supplied, and attempted to drill out the door locks without success. Then Sheriff's deputies used a pry bar and a hammer and another tool to pry open the door to the motorhome, causing extensive damage to the door and hinges. Two of the deputies then entered plaintiff's motorhome with guns drawn to search the common area of the motorhome. The deputies made no attempt to call out for plaintiff to announce his presence while they were inside the motorhome, as plaintiff was not present Plaintiff's two Emotional Support Dogs were in the back bedroom behind a children's safety gate barking at the deputies A deputy then took plaintiff's personal 5-foot step ladder that was against the side of the motorhome, and used it and other sheriff's tools to break open, the bedroom window, and then tore down the inside curtains and threw them on the ground outside of the motorhome. During the execution of the eviction, Chris Triplett advised the Sheriff's deputies that plaintiff's blue car was gone and that he did see it in the Park. The Sheriff's deputies stated that they did not believe that plaintiff was present inside while the eviction was being executed by them. The Sheriff's deputies then signed over the writ to Chris Triplett left and the scene with plaintiff's motorhome unsecured at door and window Solano County Sheriff Deputy Sgt. Pierce told plaintiff at the Sheriff's office on 13 March, that the deputies were acting under CCP §514 (which does not exist), however CCP §514.010 (which does exist) does not authorize the actions taken by the Sheriff's Eviction deputies. The action of the Sheriff's deputies was not authorized under the law. Chris Triplett's action to drill out the door locks was not authorized under the law nor the rental agreement. Chris Triplett has committed a crime under California Penal Code §594(a) of Vandalism. Since the Sheriff's deputies were not authorized by law to enter and search plaintiff's motorhome (nor under the Court Judgment or Writ of Possession), they are also guilty of Vandalism. Plaintiff has complied with California

Government Code § 911.2 by filing a Government Claim with Solano County on 25 June 2024, and with the Solano County Sheriff's Office on 16 August 2024. Plaintiff has also filed a Solano County Sheriff's Office Citizen Inquiry as a complaint for the Sheriff's deputies' actions on 7 February 2025.

## EXEMPLARY DAMAGES

The actions of Fairfield Mobile Home and RV Park, Brandon Wiechec, Chris Triplett, and Monte Christo Communities, were against the law and associated case law that FFMHP, Brandon Wiechec, Chris Triplett and Monte Christo Communities knew, and should have known, as lessor and executer of the Rental Agreement and management of the park. The actions taken by the Solano County Sheriff's Deputies Eviction Team were not authorized by law of which they should have known, and were not necessary in the enforcement of the Writ of Possession under applicable State Law.

IV. Plaintiff is seeking up to $25,00.00 in actual and compensatory damages for the costs of repairing his motorhome caused by the Solano County Sheriff's Deputies and Chris Triplett. Up to $50,00.00 in actual and compensatory damages from Fairfield Mobile Home and RV Park, LLC, Chris Triplett, and Monte Christo Communities. Plaintiff is also seeking maximum punitive damages against Fairfield Mobile Home and RV Park, LLC; Chris Triplett, Brandon Wiechec, and Monte Christo Communities, along with Solano County Sheriff Thomas A. Ferrara and his listed deputy sheriffs.

V. Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint. (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11. I agree to provide the Clerk's Office with any changes to my address where case related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case _Date. 6 March 2025      *Edward R. Dayton* (signature)

Edward R. Dayton, Plaintiff, In Pro Se