UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDWARD RANDOLPH DAYTON,

Plaintiffs,

v.

FAIRFIELD MOBILE HOME and RV
PARK, LLC, et al.,

Defendants.

No.  2:24-cv-00850-DJC-SCR

FINDINGS AND RECOMMENDATIONS

Plaintiff proceeds pro se in this matter, which is referred to the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  Before the Court is a Motion to Dismiss filed by Defendants Sheriff Ferrara and Deputies Pierce, Bigarani, Dehoney and Robertson (herein Deputies).[1]  ECF No. 40.  Plaintiff filed an opposition (ECF No. 43), and the matter was submitted on the briefs.  ECF Nos. 42 & 43.  The Court recommends that the Motion to Dismiss be GRANTED IN PART and Plaintiff be granted leave to amend his claims as to the Deputies.

I.     **Background and Procedural History**

Plaintiff filed his Complaint on March 19, 2024, and also filed a motion for a temporary restraining order ("TRO") (ECF No. 2).  The TRO motion sought to enjoin the enforcement of the Solano County Superior Court's unlawful detainer judgment against Plaintiff.

---

[1] The other named Defendants have filed an Answer.  ECF No. 39.

1

Judge Calabretta denied the TRO motion and dismissed the claims against Solano County Superior Court on the basis that the court lacked jurisdiction pursuant to the *Rooker-Feldman* doctrine.  Judge Calabretta further stated: "The Court is not dismissing the entire case for lack of jurisdiction because it believes it may have jurisdiction over Plaintiff's separate but related claim that Defendant Sherriff Thomas Ferrara violated Plaintiff's Fourth Amendment rights by unreasonably seizing his property."  ECF No. 5 at 3 n.1.

On May 13, 2024, Plaintiff filed a First Amended Complaint ("FAC") (ECF No. 6) which named as Defendants Fairfield Mobile Home and RV Park, LLC ("Fairfield RV Park"), Brandon Wiechec, Chris Triplet, Monte Christo Communities ("Monte Christo"), and Solano County Sherriff Thomas Ferrara ("Ferrara").  Plaintiff brought the FAC under 42 U.S.C. § 1983 and alleged violation of his Fourth and Fourteenth Amendment rights.  ECF No. 6 at 1.

Plaintiff alleged in the FAC that in September 2023, Fairfield RV Park caused a 30-day notice of termination of his tenancy to space A-16.  Plaintiff alleged he "did not comply" with the notice and Fairfield RV Park instituted an unlawful detainer action.  ECF No. 6 at 1-2.  A trial was held in state court in February 2024, at which Fairfield RV Park prevailed.  Plaintiff was evicted from the property on March 12, 2024.  On the day of eviction, Plaintiff alleged he "voluntarily exited his motorhome and the subject real property of space A-16 before any sheriff's deputies arrived."  *Id.* at 4.  Plaintiff claimed that the deputies knocked and announced their presence, but he was not home, and that they then broke into his motorhome, causing damage.  *Id.*  Plaintiff alleged that Defendant Chris Triplet, a manager of Fairfield RV Park, was also involved in causing damage to the motorhome by using a drill to attempt to open the door.  *Id.*

Defendant Ferrara moved to dismiss the FAC.  ECF Nos. 9, 14, 17.  After oral argument on October 3, 2024, the undersigned issued Findings and Recommendations ("F&R") finding that Ferrara's direct involvement was not adequately alleged in the FAC and there is no respondeat superior liability under § 1983.  ECF No. 32.  The undersigned recommended the motion be granted and Plaintiff be allowed leave to amend.  Judge Calabretta adopted the F&R in full.  ECF No. 36.  Plaintiff then filed the operative Second Amended Complaint (SAC) on March 10, 2025.

The SAC names as Defendants Fairfield Mobile Home and RV Park, LLC, Brandon Wiechec, Chris Triplet, Monte Christo Communities, Ferrara, and four Sheriff's Deputies who had not been named in the FAC: Tyler Pierce, Ryan Bigarani, Charles Dehoney, and John Robertson (the "Deputies"). ECF No. 37 at 1. Plaintiff alleges violation of his Fourth and Fourteenth Amendment rights. *Id*. Plaintiff claims that Defendants broke into his home and caused property damage without lawful authority.

Defendants Fairfield RV Park, Monte Christo, Wiehec, and Triplet answered the SAC. ECF No. 39. Ferrara and the Deputies (the "Sheriff's Defendants") moved to dismiss the SAC pursuant to Rule 12(b)(6). ECF No. 40. Plaintiff filed an opposition. No reply brief was filed. The matter was submitted on the briefs. ECF No. 42.

## II.      Legal Standard on a Motion to Dismiss

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. *Paulsen v. CNF, Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S.

at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  It is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the ... laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

### III.    The Motion to Dismiss

The Sheriff's Defendants move for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that Plaintiff has failed to state a claim upon which relief can be granted and seeking dismissal with prejudice.  ECF No. 40 at 1.  They raise several arguments: 1) the SAC does not plead a cognizable Fourth or Fourteenth Amendment violation; 2) Plaintiff does not plead a cognizable state law claim; 3) the state law claims are barred because Plaintiff did not adequately plead compliance with the California Government Claims Act ("CGCA"); 4) the SAC does not make specific allegations against the individual deputies; and 5) no supervisory liability attaches to Sheriff Ferrara.  ECF No. 40 at 1-2.

Plaintiff in his opposition brief argues that he has satisfied the federal notice pleading standard and set forth plausible claims.  ECF No. 43 at 1.  Plaintiff contends that even if the writ of possession was valid on its face, which he alleges cannot be determined at the pleading stage, it described the premises as "Space A-16 not the motorhome," and the motorhome was his personal property.  *Id.* at 2.  Plaintiff argues that the motorhome was not named in the writ of possession or court judgment, and thus the deputies lacked legal authority to enter.  *Id*. at 3.  As to the CGCA, Plaintiff alleges he filed the action after the two claims were presented with no response from the County.  *Id*. at 5.  Plaintiff's opposition acknowledges that the SAC may be lacking in specificity, he states the SAC "might be deficient . . . by not attributing a specific conduct to each deputy."  *Id*. at 6.  If the Court finds the pleading deficient, Plaintiff requests leave to amend and sets forth additional facts he would plead against the deputies.  *Id*. at 5-6.

### A. Fourth and Fourteenth Amendment Claims

The Sheriff's Defendants argue that because there was a valid writ, there cannot be a Fourth Amendment claim.  ECF No. 40 at 3-4.  They contend that any incidental damage to the property

4

does not support a constitutional claim unless it was excessive or arbitrary, citing to *San Jose Charter of Hells Angels Motorcycle Club v. City of San Jose*, 402 F.3d 962, 974 (9th Cir. 2005) ("*San Jose Hells Angels*"). The Sheriff's Defendants further argue that there are no allegations supporting a Fourteenth Amendment due process claim. ECF No. 40 at 4.

Plaintiff in opposition argues that the SAC does state a Fourth Amendment violation. ECF No. 43 at 2-4. Plaintiff does not offer any argument in support of a Fourteenth Amendment claim. It has been apparent since early in this action that Plaintiff has a potentially cognizable Fourth Amendment claim. In Judge Calabretta's order denying a motion for temporary restraining order, he stated that although Plaintiff's allegations were "not entirely clear," one of the claims appeared to be that "Sheriff Thomas Ferrara violated Plaintiff's Fourth Amendment rights by seizing his home in an unreasonable manner." ECF No. 5 at 2.

The Sheriff's Defendants' argument that the writ of possession precludes any potential liability under the Fourth Amendment is untenable. In *Busch v. Torres*, 905 F.Supp. 766 (C.D. Cal. 1995), the plaintiff brought constitutional claims arising from the execution of a writ of possession that was obtained in an unlawful detainer action. The court found that a Fourth Amendment claim that excessive force was used in the execution of the writ of possession would not be precluded by the *Rooker-Feldman* doctrine. *Id*. at 772. Although the plaintiff in *Busch* ultimately failed to establish her claims at summary judgment, such a claim is legally cognizable.

The Fourth Amendment protects the right of the people to be secure against "unreasonable searches and seizures." "It is plain that while the destruction of property in carrying out a search is not favored, it does not necessarily violate the Fourth Amendment." *United States v. Becker*, 929 F.2d 442, 446 (9th Cir. 1991). The Ninth Circuit has recognized that officers executing a search warrant occasionally must damage property in performing their duties. *Mena v. City of Simi Valley*, 226 F.3d 1031, 1041 (9th Cir. 2000). "Therefore, the destruction of property during a search does not necessarily violate the Fourth Amendment." *Id.* (citation omitted). Thus, the inquiry is whether the officer's actions were "unnecessarily destructive." *See Mena*, 226 F.3d at 1041 ("only unnecessarily destructive behavior, beyond that necessary to execute a warrant effectively, violates the Fourth Amendment.") (citation omitted).

Plaintiff's claim here appears directed, at least in part, at the manner in which the writ was executed. For example, in his opposition brief, Plaintiff states, "the deputies damaging the motorhome door and then entering the motorhome with guns drawn to search for plaintiff was . . . totally unreasonable." ECF No. 43 at 4. Thus, Plaintiff's claim can be viewed as Fourth Amendment claim asserting an unreasonable use of force in executing the writ. The Sheriff's Defendants' own authority, *San Jose Hells Angels,* found that the defendants had engaged in an "unreasonable execution of the search warrants in violation of the Fourth Amendment" when they seized "truckloads" of personal property and shot two dogs while executing the warrant. 402 F.3d at 966. In denying qualified immunity in that case, the Ninth Circuit found that "a reasonable officer would have been aware that an unreasonable execution of a search warrant violated the Fourth Amendment." *Id*. at 974. Just as the existence of a search warrant does not preclude liability for unreasonable execution, nor does the presence of the writ in this case preclude potential liability.

Plaintiff has plausibly alleged that at least some of the force used by the Deputies on March 12, 2024 was unreasonable. Plaintiff alleges the "deputies pounded on the door of the motorhome several times, and called out several times at the start of the execution of the eviction process." ECF No. 37 at 4. It was entirely proper for the Deputies to knock and announce their presence. Plaintiff then alleges the Deputies "used a pry bar and a hammer" to open the door, which caused "extensive damage" to the door. *Id.* Two of the deputies entered the home with guns drawn. *Id*. Plaintiff alleges that his "two Emotional Support Dogs were in the back bedroom behind a children's safety gate." *Id.* Plaintiff alleges no injury to the dogs. Plaintiff further alleges that a deputy broke open a bedroom window and threw down curtains. *Id*.

The Court concludes that a Fourth Amendment claim is legally cognizable on these facts, but also agrees with the Sheriff's Defendants' that Plaintiff has not sufficiently alleged the Deputies' particular involvement, as discussed below in Section III.B. Thus, the Court will recommend that the Fourth Amendment claim be dismissed with leave to amend to allow Plaintiff to include additional factual content as to the personal participation of each of the Deputies, and precisely what they did that was allegedly unnecessarily destructive.

/////

The Court agrees with the Sheriff's Defendants that Plaintiff fails to state a Fourteenth Amendment claim. Plaintiff has not argued against the dismissal of such claim or explained how he would amend to support such claim. Therefore, the Court will recommend the Fourteenth Amendment claim be dismissed with prejudice, but that Plaintiff be granted leave to amend his Fourth Amendment claim.

**B. Specificity of Allegations against Individual Deputies**

The SAC makes allegations against the Deputies collectively or otherwise without specification.[2] ECF No. 40 at 8. The SAC alleges, "deputies pounded on the door"; "deputies used a pry bar and a hammer"; "two of the deputies then entered plaintiff's motorhome with guns drawn"; and "a deputy" broke a window and tore down curtains. ECF No. 37 at 4. Plaintiff acknowledges this deficiency: "Plaintiff might be deficient in his claim against the sheriff's deputies by not attributing a specific conduct to each deputy." ECF No. 43 at 6. Plaintiff argues he can cure this defect through amendment and provides additional facts in his opposition. *Id*. In his opposition, Plaintiff describes which deputies broke open the door, used the pry bar and hammer, drew their weapons, and broke the window. ECF No. 43 at 5.

The Sheriff's Defendants rely on *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002), wherein the Ninth Circuit affirmed the district court's refusal to give a jury instruction on group liability. That case involved a Fourth Amendment claim concerning the destruction of property during the execution of a search warrant. Therein, the Ninth Circuit stated that "allowing the jury to find individual officers liable when there is no evidence to link them to specific actions would have been erroneous as a matter of law." *Id*. at 937. The Ninth Circuit also discussed the general principles that for liability under § 1983 there must generally be "personal participation in the alleged rights deprivation" or at least "integral participation" in the group's actions. *Id.* at 935. The Ninth Circuit found no error in refusing the group liability instruction, in part because of the

_____

[2] The Ninth Circuit has recently reaffirmed that a district court may dismiss a "shotgun pleading" pursuant to Rule 8. *See Gibson v. City of Portland*, __ F.4th __, 2026 WL 235118 (9th Cir. Jan. 29, 2026). One type of shotgun pleading is "a complaint that asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions." *Id.* at *16.

adequacy of the other instructions which covered supervisory liability, conspiracy, and concurrent cause. *Id.* at 937. The court found the instructions "adequately covered the idea of liability for members of a searching team" and reaffirmed that "simply being present or being a member of a team" was not sufficient for liability. *Id.*

In Opposition to the motion to dismiss, Plaintiff makes more specific allegations as to the conduct of the Deputies. However, these allegations are not in the SAC, and thus cannot be used to determine whether the SAC states a claim. The Court will consider the allegations in the Opposition in determining whether leave to amend should be granted. For example, Plaintiff states that Deputies Peterson and Bagarani entered the motorhome with guns drawn, and that those two also broke the window and tore down curtains. ECF No. 43 at 5. It is thus plausible that Plaintiff may be able to plead additional facts demonstrating that at least some of the Deputies engaged in "unnecessarily destructive behavior" beyond that necessary to execute the writ effectively. *See Mena*, 226 F.3d at 1014. The Court will recommend Plaintiff be granted leave to amend to include these additional facts in a further amended complaint.

### C. Pre-suit Notice under the CGCA

The Sheriff's Defendants argue that Plaintiff has not complied with the tort claim notice requirements of Government Code §§ 911.2 and 945.4. ECF No. 40 at 7. The Sheriff's Defendants note that these claims must be presented within six months of accrual and that Plaintiff must plead whether the claim was rejected or deemed rejected. *Id.* Plaintiff contends he complied with the notice requirements by filing his FAC after he had presented his two claims to the County and received no response. ECF No. 43 at 5.

Before bringing suit against a public entity, California law requires the "timely presentation of a written claim and a rejection in whole or in part." *D.K. ex rel. G.M. v. Solano County Office of Educ.*, 667 F.Supp.2d 1184, 1195 (E.D. Cal. 2009) (*citing* Cal. Gov. Code § 905). "A plaintiff must allege facts demonstrating either compliance with the Government Tort Claims Act requirement or an excuse for noncompliance as an essential element of the cause of action." *Id.* at 1195. Absent such allegations, a complaint will fail to state a tort cause of action. *Id.*

*/////*

The SAC alleges that Plaintiff complied with the CGCA by filing a claim with Solano County on June 25, 2024, and with the Solano County Sheriff's Office on August 16, 2024. ECF No. 37 at 4-5. The alleged damage to Plaintiff's property occurred in March 2024. Both claims were allegedly timely as they were filed within six months of the incident. Although the SAC does not specifically allege the claims were rejected, the outcome should be obvious to the Sheriff's Defendants, and Plaintiff has previously informed the Court and the parties of the outcome in prior pleadings and hearings. *See for example* ECF No. 19 at 2 (indicating "no response" to either his June or August 2024 claim to the County). Plaintiff stated at the hearing on October 3, 2024, that the two claims had been timely filed within the six-month period. ECF No. 21. Plaintiff stated the first claim was deemed denied as there had been no response within 45 days. *Id*.

California state courts have found timely claim presentation to be a "condition precedent" to maintaining a cause of action and "an element of the plaintiff's cause of action." *K.J. v. Arcadia Unified School Dist.*, 172 Cal.App.4th 1229, 1238 (Cal. Ct. App. 2009); *see also Mangold v. California Public Utilities Com'n*, 67 F.3d 1470, 1477 (9th Cir. 1995) ("The California Tort Claims Act requires, as a condition precedent to suit against a public entity, the timely presentation of a written claim and the rejection of the claim in whole or in part."). As for Plaintiff not specifically pleading that the claim was rejected, Plaintiff may easily cure that deficiency through amendment. If a claim is not acted upon within 45 days, it shall be deemed to have been rejected. Cal. Gov't Code § 912.4(c).

This action was filed March 19, 2024, prior to either claim being submitted to the County. Plaintiff contends that the purpose of the statute is served because his claims against the Sheriff's Defendants in the SAC were filed after his two claims were submitted to the County and thus the Deputies had the opportunity to resolve the claim. ECF No. 43 at 5. Plaintiff cites to *Petersen v. City of Vallejo*, 259 Cal.App.2d 757, 772 (1968) for this proposition. The Sheriff's Defendants did not file a reply brief, and the parties have not adequately briefed the question of whether Plaintiff can 'cure' his failure to submit tort claims prior to the filing of the action by filing them after the filing of the action and then filing an amended complaint. In *Thierfeldt v. Marin Hosp. Dist.*, 35 Cal.App.3d 186, 204 (1973), the court recognized that "an amended complaint generally cannot

9

create a cause of action by reference to facts which have occurred after the filing of the original complaint," but also found that in the case before it the supplemental complaint was not error.

Given that the Sheriff's Defendants are challenging the sufficiency of the pleading on this point, and the Court is allowing further leave to amend, the Court will defer deciding whether Plaintiff can satisfy the requirements of the CGCA where he submitted his tort claims after the filing of the original complaint, but prior to the filing of the amended complaint.

### D. Cognizable State Law Claim

The Sheriff's Defendants argue that Plaintiff's SAC fails to state a cognizable claim for vandalism. ECF No. 40 at 7. The Deputies cite *Glass v. Najafi*, 78 Cal.App.4th 45 (2000), for the proposition that there cannot be a vandalism claim "absent gross negligence or willful misconduct." ECF No. 40 at 7. The *Glass* decision does not discuss a claim for "vandalism." The claim therein was for forcible entry and detainer, and defendants prevailed because the court found they "proceeded in accordance with orderly judicial processes." *Id*. at 51. The Sheriff's Defendants also cite to two criminal cases: *People v. Wallace*, 123 Cal.App.4th 144 (2004) and *People v. Kahanic*, 196 Cal.App.3d 461, 466 (1987). The cases cited do not set forth the elements of a civil tort claim for vandalism.

It is not clear what state law-based cause of action Plaintiff intended to assert against the Sheriff's Defendants. There is just one broad "cause of action two" against Ferrara and the Deputies, and this count two muddles both state and federal claims. The Court agrees that the SAC fails to properly allege a state law claim against the Sheriff's Defendants.

### E. Supervisory Liability as to Sheriff Ferrara

The Sheriff's Defendants argue that the SAC does not contain sufficient allegations to establish supervisory liability or to link Ferrara to the alleged constitutional violation. ECF No. 40 at 8. They contend that the mere allegation that Ferrara signed the writ return is insufficient. *Id*. at 8-9. Plaintiff in opposition argues that Ferrara is liable for the actions of his deputies under state law. ECF No. 43 at 6.

Under § 1983, liability "arises only upon a showing of personal participation by the defendant. A supervisor is only liable for the constitutional violations of . . . subordinates if the

10

supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them.  There is no respondeat superior liability under § 1983." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *see also Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").  In other words, Plaintiff must allege facts showing either: (1) Ferrara's "personal involvement in the constitutional deprivation," or (2) that Ferrara set "in motion a series of acts by others" or "knowingly refus[ed] to terminate a series of acts by others, which [the defendant] knew or reasonably should have known would cause others to inflict a constitutional injury." *Starr v. Baca*, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (internal quotation marks and citations omitted).

Plaintiff alleged that on March 6, 2024, a Notice to Vacate was posted, which was signed by Ferrara, and stated: "Should you fail to vacate the premises within the allotted time, I will immediately enforce the writ by removing you from the premises."  ECF No. 37 at 2.  Plaintiff then alleges the eviction occurred, his property was damaged, and a Return on Writ of Possession was left, again signed by Ferrara, which stated the writ was satisfied.  *Id*.  Although Plaintiff does not allege that Ferrara was on-site on March 12, 2024, or that he personally damaged the motorhome, a reasonable inference from the allegations is that Ferrara set in motion the actions of his Deputies who did engage in the property damage.  Thus, these allegations would be sufficient at the pleading stage to keep Ferrara in the case.

**F. Conclusion**

The Court agrees with the Sheriff's Defendants that Plaintiff has insufficiently alleged personal participation of the individual deputies in the Fourth Amendment violation.  Plaintiff acknowledges this defect and asks for leave to amend.  Plaintiff's state law claims are also not entirely clear.  Does he intend to allege conversion, trespass, or as the Deputies believe, vandalism (ECF No. 40 at 7)?  The Court recommends the motion to dismiss be granted and the claims against Deputies Pierce, Bigarani, Dehoney and Robertson be dismissed.  However, Plaintiff is proceeding pro se and "[a] district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be

11

cured by amendment." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). The Court does not find that leave to amend would be futile as to Plaintiff's Fourth Amendment and state law claims. However, as to Plaintiff's Fourteenth Amendment claim, the Court recommends dismissal without leave to amend.

### IV. Amending the Complaint

If plaintiff chooses to amend the complaint, the Third Amended Complaint must contain a short and plain statement of Plaintiff's claims. The allegations of the complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint. Each paragraph should be limited "to a single set of circumstances" where possible. Rule 10(b). Forms are available to help plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

The amended complaint must not force the Court or the defendants to guess at what is being alleged against whom. *See McHenry v. Renne*, 84 F.3d 1172, 1177-80 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants"). The amended complaint should contain specific allegations as to the actions of each named defendant rather than making allegations against the defendants collectively.

Also, the amended complaint must not refer to a prior pleading in order to make plaintiff's amended complaint complete. An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Pacific Bell Tel. Co. v. Linkline Communications, Inc.*, 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556-57 (2d ed. 1990)). Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Plaintiff's claims/causes of action should be clearly delineated.  For example, Count I - Section 1983 claim for violation of the Fourth Amendment, or a Count II alleging a specific tort claim under state law.  The SAC was organized into two broad counts, and each appeared to muddle both state and federal claims within the count and involved multiple defendants.

Plaintiff's third amended complaint should address the issues set forth herein.  If Plaintiff chooses to proceed on state law claims, he should include factual allegations demonstrating compliance with the CGCA.  Plaintiff must include allegations as to the individual deputies that he contends demonstrate a violation of his rights, such as the factual allegations included in his opposition to the motion to dismiss.

## V.    CONCLUSION

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that:

1. The Motion to Dismiss (ECF No. 40) filed by the Sheriff's Defendants be GRANTED IN PART and:

   a. that Plaintiff be allowed leave to amend his Fourth Amendment and state law claims, but

   b. that the Fourteenth Amendment claim be dismissed without further leave to amend.

2. Plaintiff be granted 30 days to file a Third Amended Complaint.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen days** after being served with these findings and recommendations, either party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED:  February 26, 2026.

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE