UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD RANDOLPH DAYTON,<br>Plaintiff,<br>v.<br>THOMAS FERRARA, et al.,<br>Defendants. | No. 2:24-cv-00850-DJC-SCR<br><br>PRETRIAL SCHEDULING ORDER |

On August 6, 2026, this case was before the undersigned for a status and pretrial scheduling conference. *See* ECF No. 55. Plaintiff appeared pro se, and defense counsel was not present.[1] In consideration of the parties' joint status report (ECF No. 57), the Court enters the following scheduling order:

**SERVICE OF PROCESS**

Service of process is undisputed and Defendants have filed an answer (ECF No. 50).

**JOINDER OF PARTIES/AMENDMENTS**

The status report states that Plaintiff anticipates seeking leave to amend to name the current County of Solano Sheriff. ECF No. 57 at 1-2. Pursuant to Federal Rule of Civil Procedure 25(d) when a public officer who is a party in an official capacity resigns or otherwise

[1] After this case was called and concluded, Defense counsel appeared informally during another portion of the Court's calendar held by Zoom. Defense counsel apologized for missing the status conference and was then excused.

ceases to hold office, "[t]he officer's successor is automatically substituted as a party." No order of the Court is required. *See* Fed. R. Civ. P. 25(d) ("The court may order substitution at any time, but the absence of such an order does not affect the substitution.").

Plaintiff also raised the issue of filing a corrected Third Amended Complaint to include his omitted prayer for relief. *See* ECF No. 51 at 5 (stating the omission was an editing error and that the section is "nothing new" and was already in the three prior complaints). The Court will grant Plaintiff **14 days from the date of this Order** to file a corrected Third Amended Complaint. No further amendment of pleadings will be allowed absent a showing of good cause as required by Federal Rule of Civil Procedure 16(b)(4).

**JURISDICTION/VENUE**

Neither party contests jurisdiction or venue.

**DISCOVERY**

The parties agreed they would exchange initial disclosures under Rule 26 by **August 7, 2026**.

All non-expert discovery shall be completed by **January 25, 2027.** The word "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been complied with. Motions to compel non-expert discovery must be noticed on the undersigned's calendar in accordance with the Local Rules and must be heard not later than **December 17, 2026**.

The parties are reminded to review the "Civil Standing Order" posted on Judge Riordan's webpage. Judge Riordan encourages early resolution of discovery disputes outside the formal Local Rule 251 procedures, when appropriate. Upon order of the court, or by agreement of the parties, Judge Riordan will resolve minor or discrete discovery disputes by conducting an informal telephonic conference. Additional information is available on the court's website at www.caed.uscourts.gov

**EXPERT DISCLOSURE**

The parties shall disclose experts and produce reports in accordance with Federal Rule of

Civil Procedure 26(a)(2) as follows: expert disclosures on or before **February 11, 2027**; rebuttal expert disclosures on or before **February 26, 2027**. Expert discovery shall be completed by **March 12, 2027**.

**MOTION HEARING SCHEDULES**

All motions, except motions for continuances, temporary restraining orders, or other emergency relief, or as to discovery, shall be filed by **April 2, 2027**. Counsel are cautioned to refer to the Local Rules and Judge Riordan's Civil Standing Order regarding the requirements for noticing such motions on the court's regularly scheduled law and motion calendar. Available hearing dates are available on Judge Riordan's website.

All purely legal issues are to be resolved by timely pretrial motion. The parties should keep in mind that the purpose of law and motion is to narrow and refine the legal issues raised by the case, and to dispose of by pretrial motion those issues that are susceptible to resolution without trial. To accomplish that purpose, the parties need to identify and fully research the issues presented by the case, and then examine those issues in light of the evidence gleaned through discovery. If it appears after examining the legal issues and facts that an issue can be resolved by pretrial motion, the parties are to file the appropriate motion by the law and motion cutoff set forth above. The parties are cautioned that failure to raise a dispositive legal issue that could have been tendered to the court by proper pretrial motion prior to the dispositive motion cut-off date may constitute waiver of such issue.

The parties are reminded that motions in limine are procedural devices designed to address the admissibility of evidence. Counsel are cautioned that the court will look with disfavor upon substantive motions presented in the guise of motions in limine at the time of trial.

**FINAL PRETRIAL CONFERENCE**

Upon resolution of any motions filed by **April 2, 2027**, or upon passing of that deadline if no such motions are filed, the Court will set a Final Pretrial Conference.

**TRIAL SETTING**

In conjunction with the setting of the Final Pretrial Conference or at the Final Pretrial Conference, the Court will set a trial date.

**SETTLEMENT CONFERENCE/MAGISTRATE JUDGE AS SETTLEMENT JUDGE**

Both parties state they are amenable to a settlement conference being set at this time. ECF No. 57 at 5. Defendants object to the undersigned serving as settlement judge. The parties also propose concluding the settlement conference no later than April 1, 2027. The parties shall contact the undersigned's courtroom deputy as soon as they are ready to set a settlement conference date, and no later than **December 15, 2026**. The courtroom deputy can then help facilitate setting the settlement conference with an available Magistrate Judge sometime prior to April 1, 2027.

**OTHER MATTERS**

Plaintiff raised at the status conference that he had not been served with the Answer (ECF No. 50) and no certificate of service is on file. Defendants shall mail to Plaintiff a copy of the Answer no later than **August 14, 2026**. Plaintiff also requested permission to receive service of filed documents via email. The Court orally granted the request, but stated Plaintiff's email was not yet of record. Plaintiff has been granted e-service in another case, and the Court will use that address. **The Clerk is directed to configure CM/ECF so that Plaintiff receives immediate email notifications of Court filings at daytonempire@gmail.com**

**IT IS SO ORDERED.**

DATED: August 10, 2026.

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE